**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**KEITH DARNELL FAIR,**

               **Plaintiff,**                **6:18-cv-1402**
                                                               **(GLS/TWD)**

               **v.**

**STEVEN T. MNUCHIN et al.,**

               **Defendants.**

## SUMMARY ORDER

Pending before the court is plaintiff *pro se* Keith Darnell Fair's motion for reconsideration[1] of the court's February 1, 2019 Order, (Dkt. No. 17), which adopted an Order and Report-Recommendation — over Fair's objection, (Dkt. No. 13) — that recommended dismissal of the complaint with prejudice, (Dkt. Nos. 10, 14). For the reasons that follow, Fair's motion is denied.

Motions for reconsideration proceed in the Northern District of New

---

[1] Fair also "demand[s] a [sic] up to date copy of the docket and the name of the transcript reporter" and "request[s] . . . All Court documents pertaining to the Court Report Transcripts and **All Hearings, Decisions,** and **Orders,** rendered in connection with the Qui Tam action/proceedings." (Dkt. No. 17 at 1, 4.) The court previously addressed Fair's request for copies and directed the Clerk to provide a courtesy copy of the docket. (Dkt. No. 18.) All other relief sought is denied.

York under Local Rule 7.1(g).[2]  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence

---

[2] Northern District of New York Local Rule 7.1(g) provides:

Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).  The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2).  A motion for reconsideration of a Magistrate Judge's determination of a non-dispositive matter shall toll the fourteen (14) day time period to file objections pursuant to L.R. 72.1(b).  The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

Fair's motion papers are difficult to decipher. He makes no effort whatsoever to meet the standard for reconsideration, yet he argues that his "Affidavit of Defense" was intended as some sort of discovery tool to assist him in substantiating his claim. (Dkt. No. 17 at 2.) He contends that the court is without jurisdiction and that to proceed in the absence of jurisdiction, the court would be engaged in treason. (*Id.* at 3.) Finally, he asserts that he never consented to adjudication of his action by a magistrate judge. (*Id.* at 4.)

Fair has failed to meet the stringent standard necessary for reconsideration. His arguments are irrelevant, incorrect, and/or overlook the basis upon which his claims were dismissed. (Dkt. No. 10 at 9-18.) Accordingly, his motion, (Dkt. No. 17), is denied.

Accordingly, it is hereby

**ORDERED** that Fair's motion for reconsideration (Dkt. No. 17) is

**DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to Fair in accordance with the Local Rules.

**IT IS SO ORDERED.**

February 26, 2019
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge